**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-06-282 |
| | § | C.A. No. C-07-393 |
| RICKEY BOBBITT, | § | |
| | § | |
| Defendant-Movant. | § | |

**ORDER DENYING MOTION TO VACATE SENTENCE**
**AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is movant Rickey Bobbitt's ("Bobbitt") motion to vacate, set aside or correct his sentence, made pursuant to 28 U.S.C. § 2255. (D.E. 45).[1] Also before the Court is the government's response and motion to dismiss. (D.E. 52.) Pursuant to the Court's order requiring the government to respond, Bobbitt had thirty days after service of the government's answer to file a reply. (D.E. 46 at 1.) The government's response indicates that it was served on Bobbitt on January 10, 2008. (D.E. 52 at 24.) Allowing three additional days because the response was served by mail, Bobbitt had until February 12, 2008 to respond. To date, no response has been received from Bobbitt.

For the reasons set forth herein, the Court denies Bobbitt's motion. The Court also denies Bobbitt a certificate of appealability.

**I. JURISDICTION**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

---

[1] Docket entries refer to the criminal case, Cr. No. C-06-282.

1

## II.  FACTUAL AND PROCEDURAL BACKGROUND

**A.      Facts of the Offense**[2]

On March 25, 2006, at approximately 1:30 a.m. Bobbitt drove a Kenworth tractor-trailer into the Falfurrias, Texas Border Patrol checkpoint.  As an agent spoke with Bobbitt, a canine working with another agent alerted to the vehicle.  The agent asked Bobbitt if anyone else was present in the vehicle, and Bobbitt stated that his girlfriend, Natasha Lynn Wilkerson, was also present.  The agent asked for and received consent from Bobbitt to search the tractor-trailer.  The agent noticed that Bobbitt looked nervous, but he agreed to the search and proceeded to the secondary inspection area.

In secondary, Bobbitt and Wilkerson exited the vehicle.  Agents noticed that there was no seal on the door of Bobbitt's trailer.  As the doors to the trailer were opened, the agents detected a strong odor of marijuana.  A search revealed 59 large burlap sacks containing 2,628 kilograms of marijuana concealed among a load of pallets of women's undergarments which were destined for Wal-Mart.  Bobbitt and Wilkerson were both arrested.

DEA agents arrived and took custody of the case.  Both Bobbitt and Wilkerson denied any knowledge of the marijuana.  Bobbitt told agents that he had parked his tractor-trailer at a warehouse in McAllen, Texas, and as soon as he backed up to the loading dock, two male subjects walked up to him and asked if he had a load number.  Bobbitt reported that he provided the men with his load number and after the trailer was loaded, a male subject closed the door to the trailer.  Bobbitt informed the agents that he was taking the load to Delaware.

---

[2]  The information herein concerning the offense conduct is taken from paragraphs four through six of Bobbitt's Presentence Investigation Report ("PSR"), a copy of which is filed under seal at D.E. 35.

Agents later spoke with the VF Intimates warehouse in McAllen, Texas, where the merchandise was loaded.  Employees there stated that after they loaded the merchandise into Bobbitt's trailer, they placed a seal on the door per VF Intimates policy.

**B.      Criminal Proceedings**

On April 20, 2006, Bobbitt was charged in a single-count indictment with possession with intent to distribute approximately 2,628 kilograms (gross weight) of marijuana,  in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 11).  He proceeded to trial, which began June 8, 2006. (D.E. 25.)  The jury returned a guilty verdict on June 9, 2006.  (D.E. 29, 32.)

On November 20, 2006, the Court sentenced Bobbitt to 97 months in the custody of the Bureau of Prisons, to be followed by a four-year term of supervised release, and also imposed a $100 special assessment.  (D.E. 42; D.E. 51, Sealed Sentencing Transcript ("S. Tr.") at 15.)  Judgment of conviction was entered November 28, 2006. (D.E. 42).

At the conclusion of the sentencing, the Court informed Bobbitt of his appeal rights in the following exchange :

> COURT: . . .  Did he give up his right to appeal?
>
> MR. TINKER [DEFENSE COUNSEL]: He really didn't but we have no intention of appeal.  You intend to continue to cooperate?
>
> THE COURT: Oh, that's right, he went to trial.
>
> MR. TINKER: We had a trial.
>
> THE COURT: But, okay, you still have a right to appeal the sentence of this Court by filing a written notice of appeal within ten days of today's date.  If you cannot afford an attorney, one will be appointed to represent you by the Court.  Are you appointed?
>
> MR. TINKER: No, I'm retained, Your Honor.

>THE COURT: To qualify for court-appointed counsel you need to fill out a form under oath listing your assets and liabilities.  Do you understand this right to appeal, sir?
>
>THE DEFENDANT: Yes, ma'am.  I won't, though.

(S. Tr. at 16).

Consistent with his representations to the Court at sentencing, Bobbitt did not appeal his conviction or sentence.  Instead, he filed the instant § 2255 motion October 9, 2007. (D.E. 45.)  It is timely.

### III.  MOVANT'S ALLEGATIONS

Bobbitt's motion is not detailed and provides little factual support for his claims.  He lists all of his grounds for relief in a single place, and describes them as follows: "finger prints/seal/ weight and my lawyer not letting me know what and [sic] appeal was all about."  In the section labeled "supporting facts" and in another portion of his motion, Bobbitt claims that the seal on his trailer was not checked for fingerprints and that the fingerprinting would have shown that he did not put the marijuana in the trailer.  He further argues that the weight of the marijuana was incorrect because it included the wrapping and bags, and not just the marijuana.  He also complains about the fact that he allegedly assisted the government, but did not receive a reduction pursuant to U.S.S.G. § 5K1.1.  Finally, he reiterates that his lawyer didn't talk to him about his appeal.  (D.E. 45 at 3, 4.)

Given the sparse nature of his allegations, it is difficult to discern his precise grounds for relief.  Construing his motion liberally, the Court interprets his motion as asserting four claims. His first claim is a challenge to his conviction on the grounds that fingerprint testing was not conducted on the trailer.  Alternatively, it could be construed as a claim that his attorney was ineffective for failing to raise the issue of whether the seal on his trailer was checked for fingerprints.  His second

4

claim is that he was sentenced based on an incorrect weight of marijuana because the gross weight of the marijuana including wrapping was used, instead of the net weight.  His third claim challenges the government's failure to move for a reduction in his sentence based on substantial assistance.  His fourth claim is that his attorney failed to consult with him regarding his appellate rights.

Elsewhere in his motion, Bobbitt explains that the reason his grounds weren't raised on appeal is that he did not know what an appeal was and did not know the law.  (D.E. 45 at 4.)

In his prayer for relief, Bobbitt requests that the Court reduce his sentence.  He also references his post-rehabilitation efforts, explaining that he has completed an anger management class and GED class, and that he has not "been in trouble" at all since being incarcerated.  (D.E. 45 at 13.) He also states that his counselor told him he is "doing very well."  (Id.)

The government has moved to dismiss Bobbitt's § 2255 motion on the grounds that his claims are barred procedurally and that the ineffective assistance of counsel claim is without merit. It contends that he is not entitled to relief as to any of his claims.

## IV.  DISCUSSION

### A.     28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage

of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). "[A] collateral challenge

may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

## B.     Procedural Bar

The government first argues that Bobbitt's motion should be dismissed because, except for

his claims of ineffective assistance of counsel, his claims are barred by his failure to raise them on

appeal. (See, e.g., D.E. 52  at 18.)   Where a defendant fails to raise an issue in his criminal

proceedings, that issue is procedurally barred from consideration in § 2255 proceedings. See United

States v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001); United States v. Kallestad, 236 F.3d 225, 227

(5th Cir. 2000).   A district court may consider a defaulted claim only if the petitioner can

demonstrate either (1) cause for his default and actual prejudice; or (2) that he is actually innocent

of the crime charged.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Jones,

172 F.3d 381, 384 (5th Cir. 1999).

In this case, Bobbitt failed to appeal.  Thus, he did not raise any of his grounds for relief on

appeal.  The Court must determine, therefore, whether he has shown cause for his default and actual

prejudice or that he is actually innocent of the crime. See Bousley.   Although Bobbitt  has

maintained his actual innocence throughout these proceedings, the jury found that he was guilty of

the offense.  Bobbitt has presented nothing to the Court that would call into serious question the

jury's verdict as to his guilt.  Bobbitt has alleged, however, that he did not appeal because he did not

understand his appellate rights due to his counsel's failure to consult with him regarding those rights.

If meritorious, this claim might satisfy the cause and prejudice standard. Cf. United States v. Patten,

40 F.3d 774 (5th Cir. 1994) (claim that appellate counsel was ineffective for failing to raise a

constitutional issue on direct appeal satisfies the cause and prejudice standard).  As discussed in

Section IV.F., infra, however the Court finds no merit in his contention.  Thus, he has not shown cause for his failure to raise his other claims, nor established prejudice.  All of his claims, other than his ineffective assistance of counsel claim, therefore, are barred.  Moreover, even if they were properly before the Court, they fail for the reasons discussed in this Order.

Bobbitt's claims of ineffective assistance are properly made for the first time in his § 2255 motion because they raise an issue of constitutional magnitude and generally cannot be raised on direct appeal.  United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002); United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992).  Thus, it is necessary to address the merits of Bobbitt's ineffective assistance of counsel claims.

**C.    Claim Regarding Failure to Fingerprint**

As noted, it is not clear from Bobbitt's motion whether he is claiming that the evidence was insufficient to support his conviction because the jury did not have evidence regarding whose fingerprints were on the trailer, or if he is alleging that his counsel was constitutionally deficient for failing to obtain and present such evidence.  Regardless of which claim he is making, however, his claim fails.

To the extent he alleges his conviction was not sufficiently supported by the evidence, Bobbitt's claim fails.  Even if his fingerprints had not been on the missing seal or on the marijuana, it is highly unlikely that the jury's verdict would have been different, given the other evidence of guilt at trial.  Specifically, Bobbitt was the driver of the tractor-trailer carrying 2,628 kilograms of marijuana.  He appeared nervous when asked by the U.S. Border Patrol agent for consent to search the trailer.  The employees who loaded the tractor with the women's undergarments advised that they placed a seal, per company policy, on the trailer doors, but no seal was present when Bobbitt

was stopped at the checkpoint.  It is well-established that constructive possession, or exercising control over the place where drugs are found, is sufficient for a jury to find possession under the drug statute.  See United States v. Steen, 55 F.3d 1022, 1031-32 (5th Cir. 1995).  Similarly, knowledge can be found by a jury based on circumstantial evidence.  In Steen, the Court held that "knowledge can be inferred from control," especially if coupled with other indicators of guilt, such as nervousness or fabricated stories.  55 F.3d at 1032.  This authority shows that there was sufficient evidence here to sustain Bobbitt's conviction.  In light of the evidence supporting his conviction, evidence showing a lack of Bobbitt's fingerprints on the marijuana would not have been strong exculpatory evidence.  Put differently, it is not necessary that the government prove that Bobbitt touched the marijuana for them to prove that he knowingly possessed it.

To the extent Bobbitt is making an ineffective assistance claim premised on counsel's failure to introduce evidence showing a lack of his fingerprints on the seal or marijuana, it is similarly infirm.  That is, Bobbitt cannot show a reasonable probability that the outcome of his trial would have been different had counsel raised the issue of Bobbitt's "missing fingerprints."  As discussed above, there was ample other evidence of guilt, and such evidence would not have been strong exculpatory evidence.  Accordingly, because Bobbitt cannot establish prejudice, his ineffective assistance claim fails.

**D.      Challenge to Weight of Marijuana**

Bobbitt's challenge to the weight of the marijuana used at sentencing is likewise infirm.  The indictment in this case charged Bobbitt with possession with intent to distribute 2,628 kilograms of marijuana, which was the gross weight, i.e., it included both the marijuana *and* packaging. (D.E. 11.) Although Bobbitt's base offense level was calculated based on this amount, the amount was far

8

greater than the amount required for that offense level.  Specifically, his base offense level was determined to be 32 because the amount of marijuana was 1,000 kilograms or more.  This was based on the jury's finding in this case that the weight of the marijuana was at least 1,000 kilograms. (D.E. 29.)  The typical reduction for packaging is ten percent of the gross weight, which would have resulted in a net weight of 2,365 kilograms.  So, even with a reduction the amount still would have been well over 1,000 kilograms.  Indeed, even if *half* of the weight had been determined to be packaging, Bobbitt still would have been held responsible for 1,314 kilograms of marijuana, still resulting in a base offense level of 32.  Thus, even if the packaging had been explicitly discounted, it would not have changed Bobbitt's offense level.

**E.      Failure to Obtain Reduction Pursuant to § 5K1.1**

Bobbitt also appears to be arguing that the government should have moved for a downward departure pursuant to U.S.S.G. § 5K1.1, because he "helped them with everything."  (D.E. 45 at 3.)  There was some limited discussion about Bobbitt's cooperation at sentencing, (S. Tr. at 3-9), but the government indicated it did not intend to move for a reduction at the time of sentencing.  The Court made clear that Bobbitt could postpone the sentencing in order to continue cooperating, and warned him that the government was under no obligation to give him a motion for downward departure after sentencing even if he testified in another case (S. Tr. at 5.)  Bobbitt was insistent that the sentencing go forward.

Notably, Bobbitt did not challenge at the time of sentencing the government's failure to move for a downward departure.  Moreover, he has not adequately raised such a challenge now.  Rule 35 of the Federal Rules of Criminal Procedure allows the government to move for a reduction in sentence due to substantial assistance, which generally must be brought within one year of a

defendant's conviction.  Fed. R. Crim. P. 35(b).  The government has not sought such relief here.

Where the government has elected not to file a motion based on substantial assistance, the Court may only assess whether the government relied upon an unconstitutional motive (such as race of religion) in refusing to file the motion or bargained away its discretion to do so.  Wade v. United States, 504 U.S. 181, 185-86 (1992); United States v. Garcia-Bonilla, 11 F.3d 45, 46-47 (5th Cir. 1993).  In this case, the Court made clear to Bobbitt at the time of sentencing that the government was not required to file any such motion. Moreover, Bobbitt has not even alleged, let alone shown, that the prosecutor utilized an unconstitutional motive in refusing to file a motion for downward departure.  Without evidence of an unconstitutional motive, the government's decision not to file is unreviewable by this Court and does not even entitle Bobbitt to an evidentiary hearing.  See Wade, 504 U.S. at 185-86.  Thus, this claim fails.

## F.    Ineffective Assistance of Counsel

Bobbitt's primary ineffective assistance of counsel claim is that his counsel failed to consult with him regarding his appellate rights.[3]  An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.   Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  U.S. v.

---

[3]   To the extent he is claiming that counsel was ineffective for failing to challenge the fingerprints or the weight of the marijuana, these claims fail for the reasons already discussed in previous sections.

Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).  If the movant fails to prove one prong, it is not necessary to analyze the other.  Armstead v. Scott, 37 F.3d 202 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one").

Bobbitt contends that his counsel's failure to consult with him concerning his appeal rights constitutes ineffective assistance of counsel.  When evaluating either of the Strickland prongs due to counsel's alleged failure to consult with a defendant as to his appeal rights, this Court is guided by the Supreme Court's decision in Roe v. Flores-Ortega, 528 U.S. 470 (2000).  Because Bobbitt has not shown either deficiency or prejudice, this claim fails.

### 1.       The First *Strickland* Prong: Deficiency

In Flores-Ortega, a state prisoner filed a motion under 28 U.S.C. § 2254, claiming that he was denied effective assistance of counsel when his counsel failed to pursue an appeal and he thought she was going to file an appeal on his behalf.  In analyzing the first Strickland prong, the Flores-Ortega Court rejected the Ninth Circuit's bright-line rule that counsel must file a notice of appeal unless the defendant specifically instructs otherwise and that failing to do so is *per se* deficient.  528 U.S. at 478.   Rather, the court held that "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. (quoting Strickland, 466 U.S. at 688).

Nowhere in his motion does Bobbitt contend that he actually asked his counsel to appeal.  Instead, he merely claims that his counsel failed to advise him concerning his appellate rights.  Assuming the truth of his allegations, and that his counsel did not consult with him, he still is not entitled to relief.

As explained by the Supreme Court in Flores-Ortega:

> In those cases where the defendant neither instructs counsel to file an
> appeal nor asks that an appeal not be taken, we believe the question
> of whether counsel has performed deficiently by not filing a notice of
> appeal is best answered by first asking a separate, but antecedent,
> question: whether counsel in fact consulted with the defendant about
> an appeal. . . .  If counsel has consulted with the defendant, the
> question of deficient performance is easily answered: Counsel
> performs in a professionally unreasonable manner only by failing to
> follow the defendant's express instructions with respect to an appeal.

528 U.S. at 478.   If counsel has not consulted with the defendant, as is allegedly the case here, the

Court must proceed to the "second, and subsidiary" question: whether the circumstances here

obliged counsel to consult with the defendant about the appeal.  Flores-Ortega, 528 U.S. at 478-79.

The Supreme Court has explained that counsel's performance is deficient only if he had a

constitutionally imposed duty to consult with the defendant about an appeal.  528 U.S. at 478-79.

That duty arises

> when there is reason to think either (1) that a rational defendant
> would want to appeal (for example, because there are nonfrivolous
> grounds for appeal), or (2) that this particular defendant reasonably
> demonstrated to counsel that he was interested in appealing.  In
> making this determination, courts must take into account all the
> information counsel knew or should have known. . . . Only by
> considering all relevant factors in a given case can a court properly
> determine whether a rational defendant would have desired an appeal
> or that the particular defendant sufficiently demonstrated to counsel
> an interest in an appeal.

528 U.S. at 480 (internal citation omitted).  As discussed below, neither ground is present here and

thus no duty to consult ever arose.

First, Bobbitt has not identified any nonfrivolous grounds for appeal.  Second, Bobbitt did

not reasonably demonstrate to counsel that he was interested in appealing.  Indeed, in this case,

12

Bobbitt explicitly told the Court on the record that he did not intend to appeal.  He also did not dispute his counsel's statements on the record to that effect.

Additionally, the Court expressly informed him of his appellate rights at the conclusion of sentencing.  Thus, Bobbitt knew that he had the right to appeal and that he must do so within ten days of judgment being entered.   He knew of his rights and, had he wanted to appeal, could have requested an appeal.  Under these circumstances, the Court finds that counsel was not deficient for failing to consult with Bobbitt because Bobbitt expressly stated at sentencing that he did not wish to appeal.

In short, Bobbitt's counsel was not deficient either for failing to appeal or for failing to consult regarding Bobbitt's appellate rights. The movant has the burden of proof to show that his counsel was ineffective. See United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999).  The Court finds that Bobbitt has failed to meet that burden.

## 2.    The Second *Strickland* Prong: Prejudice

It is also clear that Bobbitt cannot establish the second Strickland prong, because he cannot show any prejudice as a result of deficient performance by counsel.  Although Flores-Ortega makes clear that a defendant is not required to demonstrate that his hypothetical appeal might have had merit, he must demonstrate that, but for counsel's deficient conduct, he would have appealed.   As noted, the Court concludes that Bobbitt was aware of his right to an appeal and knew he had a short time-frame in which to do so.   Thus, if he had genuinely wanted to appeal, he could have taken additional steps to ensure an appeal was taken, including asking counsel to file an appeal.  Instead, he told the Court –in front of his counsel – that he did not want to appeal and did not intend to do

13

so. Accordingly, the Court concludes that Bobbitt cannot establish prejudice as a result of counsel's alleged deficiencies.

## G.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Bobbitt has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must

14

show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Bobbitt's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Similarly, as to the claims that this Court has concluded are procedurally barred, the Court finds that Bobbitt cannot establish at least one of the Slack criteria. Specifically, jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Bobbitt is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, Bobbitt's motion pursuant to 28 U.S.C. § 2255 (D.E. 45) is DENIED. The Court also DENIES Bobbitt a Certificate of Appealability.

It is so ORDERED this 26th day of March, 2008.

Janis Graham Jack
United States District Judge